UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MORRIS AVIATION, LLC,  PLAINTIFF

v.  CIVIL ACTION NO. 3:09-CV-644-S

DIAMOND AIRCRAFT INDUSTRIES, INC.,  DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Diamond Aircraft Industries, Inc. ("Defendant") for relief from this court's order denying in part Defendant's Motion to Dismiss the First Amended Complaint (DN 56). Specifically, Defendant seeks relief from this court's decision to deny its motion to dismiss the negligent misrepresentation claim by the plaintiff, Morris Aviation, LLC. ("Plaintiff").[1] For the reasons set forth below, this motion will be granted.

This court adopts the factual findings of its earlier memorandum opinion, entered July 23, 2010. (DN 38). This court's July 23, 2010 order dismissed all the claims by Plaintiff, except Plaintiff's negligent misrepresentation claim. (DN 39). In its motion to dismiss, Defendant argued that the economic loss rule barred Plaintiff's claim for recovery of solely economic losses under a negligent misrepresentation theory. This court held that under Kentucky law, the economic loss rule

---

[1] Defendant's motion for relief from this court's order cites Federal Rule of Civil Procedure 60(b) as the source of this court's authority to grant Defendant relief. Plaintiff contends that Rule 60(b) is only applicable if an order of the court is final and is inapplicable here where the order is interlocutory. Regardless of the applicability of Rule 60(b), "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi v. Wireless Telegraph Co. of America v. United States*, 320 U.S. 1, 47-48, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943)). "A district court may modify, or even rescind, such interlocutory orders." *Id*.

did not apply because there was not a contract between the parties. Defendant now argues that a recent Kentucky Supreme Court opinion, *Giddings & Lewis, Inc. v. Industrial Risk Insurers, et. al.*, 348 S.W.3d 729 (Ky. Jun 16, 2011),[2] establishes that the economic loss rule bars Plaintiff from recovering under a negligent misrepresentation theory, regardless of whether contractual privity existed between the parties. We agree.

In *Giddings*, the Supreme Court of Kentucky explicitly adopted the economic loss rule and explained its application to negligent misrepresentation claims. *Id.* at 733. The Court held that "the [economic loss] rule's application is not limited to negligence and strict liability but also encompasses negligent misrepresentation claims." *Id*. The Court further discussed the tort of negligent misrepresentation,

> While Section 9 of the Restatement (Third) of Torts now specifically provides for a negligent misrepresentation claim in the context of a sale of a defective product, significantly, the Restatement adheres to the approach we adopt today–the tort claim is for recovery of damages to persons or other property, *not* damages to the product itself or other forms of economic loss.

*Id*. at 746 (emphasis added). The Court stated that when a party is seeking only economic losses from a defective product, such as the diminution in value claim in the case at hand, the claim cannot be brought under a negligent misrepresentation theory. *See id*.

The factual posture of *Giddings* involved two parties who were in contractual privity and the court did not directly address whether contractual privity was required for the economic loss rule to apply. However, in *Giddings*, the Supreme Court of Kentucky adopted the United States Supreme Court's rationale in *East River Steamship Corp. v. Transamerica Delaval, Inc*., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). In *East River*, the United States Supreme Court applied the

---

[2]Pursuant to Kentucky Rules of Civil Procedure (CR) Rule 76.30, the opinion became final on July 7, 2011.

economic loss rule where two parties were not in contractual privity, but had each contracted with the same third party. Even though contractual privity did not exist directly between the parties in *East River*, the United States Supreme Court held that the manufacturer defendant had "no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *East River*, 476 U.S. at 871. The *East River* Court reasoned that when the commercial user stands to lose only the value of their product or "experiences increased costs in performing a service," "[l]osses like these can be insured" and should not be dealt with in tort law. *Id*. "The increased cost to the public that would result from holding a manufacturer liable in tort for injury to the product itself is not justified." *Id*. at 872.

Further, The United States Supreme Court examined the contractual relationships of the parties. The Court stated that even though the plaintiffs had not contracted directly with the defendant manufacturer, the contractual responsibilities were clearly laid out between plaintiffs and the third party they had contracted with. The Court thus held that even though the plaintiffs were unable to resort to warranty claims against the defendant manufacturer, the plaintiffs knowingly entered into their agreements with the third party and "should be left to the terms of their bargains." *Id*. at 875.

Kentucky law bars Plaintiff's negligent misrepresentation claim under the economic loss rule, because Plaintiff is pursuing only anticipated economic losses from the diminution in value of Defendant's product. The Supreme Court of Kentucky adopted the rationale of *East River*, holding that claims only for the diminution in value of a product should not be pursued under a negligent misrepresentation theory. *Giddings*, 348 S.W.3d at 733. While *Giddings* involved two parties who directly contracted with one another, the Court did not indicate its holding was restricted to cases

where parties were in contractual privity.  Further, the Supreme Court of Kentucky adopted the *East River* rationale, which applied the economic loss rule where the parties were not in contractual privity.  Were the Supreme Court of Kentucky faced with a case more factually analogous to *East River*, such as the case at hand where the parties both contracted with the same third party, there is no reason to believe it would hold differently.  Plaintiff's negligent misrepresentation claim must be dismissed.

An order consistent with this opinion will be entered this date.

November 23, 2011

Charles R. Simpson III, Judge
United States District Court